IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00105-PAB-KAS

BARRY KEITH ECKHARDT,

    Plaintiff,

v.

GEICO CASUALTY COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Unopposed Motion to Consolidate This Action into Civil Action No. 1:24-cv-2411-KAS [Docket No. 24]. Pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 42.1, defendant GEICO Casualty Company ("GEICO") moves to consolidate this case into the action entitled *Barry Keith Eckhardt v. GEICO Casualty Company*, No. 24-cv-02411-SKC-TPO. *Id.* at 1. Plaintiff Barry Eckhardt is not opposed to the motion. *Id.*

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C.

Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

GEICO claims that the two cases involve common questions of law and fact. Docket No. 24 at 1–2, ¶¶ 1–2. In Case No. 24-cv-00105-PAB-KAS, Mr. Eckhardt asserts claims for breach of contract, common law bad faith, and statutory bad faith for GEICO's alleged failure to pay Mr. Eckhardt the underinsured motorist ("UIM") benefits he is entitled to based on a November 7, 2018 car accident. Docket No. 3 at 2–10, ¶¶ 5–99. Mr. Eckhardt claims that he was rear-ended by a Ford F-350 on Interstate 25 in Douglas County, Colorado, which caused him to hit the car in front of him. *Id.* at 2, ¶¶ 5–13. Mr. Eckhardt alleges that GEICO has failed to pay $72,313.74 in past medical expenses attributable to the November 7, 2018 car accident. *Id.* at 8, ¶ 78. In Case No. 24-cv-02411-SKC-TPO, Mr. Eckhardt asserts the same claims for GEICO's alleged failure to pay Mr. Eckhardt UIM benefits he is entitled to based on a September 16, 2018 car accident. *Barry Keith Eckhardt v. GEICO Casualty Company*, No. 24-cv-02411-SKC-TPO, Docket No. 4 at 1–7, ¶¶ 1–59. Mr. Eckhardt asserts that he was rear-ended in Seattle, Washington when a Ford Explorer failed to break in time, causing it to hit a third car, which in turn hit Mr. Eckhardt's car. *Id.* at 2, ¶¶ 5–15. Mr. Eckhardt claims that GEICO has failed to pay $86,055.99 in past medical expenses attributable to the September 16, 2018 car accident. *Id.* at 4, ¶ 36. For both accidents, GEICO concedes that the other drivers were at fault and that, therefore, there is no dispute regarding causation. Docket No. 24 at 2, ¶ 4. Moreover, GEICO acknowledges that the

policies involved are substantially the same. *Id.*, ¶ 7. Finally, GEICO states that the two insurance claims and the two lawsuits "relate to and affect each other." *Id.*, ¶ 8.

The Court finds that both lawsuits likely involve overlapping legal and factual questions regarding GEICO's obligations to pay Mr. Eckhardt UIM benefits, which warrants consolidation. As a result, the Court finds that consolidation would promote judicial economy and that the efficiency benefits of consolidation also outweigh any possible prejudice to the parties. *See Harris*, 687 F.2d at 1368.

For the foregoing reasons, it is

**ORDERED** that the Defendant's Unopposed Motion to Consolidate This Action Into Civil Action No. 1:24-cv-2411-[SKC-TPO] [Docket No. 24] is **GRANTED**. It is further

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 24-cv-00105-PAB-KAS and 24-cv-02411-SKC-TPO shall be consolidated. It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action No. 24-cv-02411-SKC-TPO shall be assigned to Chief Judge Philip A. Brimmer.[1] It is further

**ORDERED** that Civil Action 24-cv-02411-SKC-TPO shall be assigned to Magistrate Judge Kathryn A. Starnella as the magistrate judge. It is further

**ORDERED** that, as of the date of this order, all future pleadings and other filings shall be filed in this case only and shall be captioned as follows:

---

[1] Although, Mr. Eckhardt's motion asks the Court to consolidate the present case "into the action entitled *Barry Keith Eckhardt v. GEICO Casualty Company*, No. 1:24-cv-2411-KAS (D. Colo.)," Docket No. 24 at 1, the Local Rules provide that "[c]onsolidated cases shall be reassigned to the judicial officer(s) to whom the lowest numbered consolidated case was assigned." D.C.COLO.LCivR 42.1. Here, the present case has the lowest assigned number, 24-cv-00105.

_____

Civil Case No. 24-cv-00105-PAB-KAS

    (Consolidated with Civil Case No. 24-cv-2411-PAB-KAS)

_____

Civil Case No. 24-cv-00105-PAB-KAS

BARRY KEITH ECKHARDT,

    Plaintiff,

v.

GEICO CASUALTY COMPANY

    Defendant.

_____

Civil Case No. 24-cv-02411-PAB-KAS

BARRY KEITH ECKHARDT,

    Plaintiff,

v.

GEICO CASUALTY COMPANY

    Defendant.

_____

    DATED December 2, 2024.

                                            BY THE COURT:

                                            PHILIP A. BRIMMER
                                            Chief United States District Judge